THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARRIDAN NELSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES KEY,<br><br>　　　　　　Respondent. | CASE NO. C15-0903-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Garridan Nelson's objection (Dkt. No. 13) to the Report and Recommendation (Dkt. No. 9) issued by the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed Judge Donohue's Report and Recommendation, Petitioner's objection, and the relevant record, the Court OVERRULES Petitioner's objection and ADOPTS the Report and Recommendation for the reasons set forth herein.

**I.    BACKGROUND**

Petitioner was convicted of three counts of first degree murder on July 17, 1995. (Dkt. No. 6, Ex. 1.) In 1996, Petitioner filed a personal restraint petition (PRP), which was dismissed by the Washington Court of Appeals. (Dkt. No. 5 at 2.) Petitioner did not move the Washington Supreme Court for discretionary review. (Dkt. No. 5 at 2.)

In July 2012, Petitioner filed a CrR 7.8 motion to correct his judgment and sentence by

deleting language stating that Petitioner was not entitled to earned early release credits. (Dkt. No. 9 at 2.) The State conceded that Petitioner was entitled to his requested relief. (Dkt. No. 9 at 3.) The Snohomish County Superior Court amended the judgment and sentence. (Dkt. No. 6, Exs. 3-4.) Petitioner then appealed to the Washington Court of Appeals, arguing for the first time that his guilty pleas were involuntary and that the trial court failed to advise him of his right to withdraw his guilty pleas. (Dkt. No. 6, Ex. 5.) The court of appeals affirmed the superior court's order, concluding that it could only review the issue raised at the trial level. (Dkt. No. 6, Ex. 2.)

On June 4, 2015, Petitioner, acting *pro se*, filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus. (Dkt. No. 1.) The petition challenges the 1995 judgment and sentence on Equal Protection grounds. (Dkt. No. 1 at 5.) Judge Donohue recommended that the petition be dismissed as time-barred, reasoning that the statute of limitations period expired on April 23, 1997—nearly 18 years prior to the petition's filing. (Dkt. No. 9 at 5.)

Petitioner filed an objection to Judge Donohue's Report and Recommendation. (Dkt. No. 13.) However, his objection pertains to the merits of his CrR 7.8 appeal and his § 2254 petition. (*See* Dkt. No. 13 at 1-3.) He does not address Judge Donohue's conclusion that his petition is time-barred.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for a state prisoner seeking federal habeas relief to file a federal petition. 28 U.S.C. § 2244(d)(1). The limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In most cases where the judgment became final before AEDPA's passage, the statute of limitations began to run on AEDPA's effective date, which was April 24, 1996. *See Calderon v. United States Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283, 1287 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court for Cent. Dist. of Cal.*, 163 F.3d 530 (9th Cir. 1998). Petitioner's judgment became final in July

1  1995. Thus, Petitioner had until April 23, 1997 to file his habeas corpus petition.

2  Petitioner filed this petition on June 4, 2015, far past the expiration of the statute of
3  limitations. Even presuming the statute of limitations period tolled while his PRP was pending,
4  the period began to run again as soon as the PRP was dismissed and Petitioner failed to seek
5  further review by the Washington Supreme Court. The Court therefore ADOPTS Judge
6  Donohue's recommendation that the petition be DISMISSED as time-barred.

7  **III.    CONCLUSION**

8  For the foregoing reasons, the Court OVERRULES Petitioner's objection (Dkt. No. 13)
9  and ADOPTS the Report and Recommendation (Dkt. No. 9). The petition (Dkt. No. 1) is
10 DISMISSED with prejudice.

11 DATED this 7th day of January 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE